IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

PAMELA BRADFORD                                                                                    PLAINTIFF
*On behalf of*
S.E., A MINOR

vs.                                              Civil No. 4:09-cv-04122

MICHAEL J. ASTRUE                                                                                  DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Pamela Bradford ("Plaintiff") brings this action on behalf of S.E., a minor, pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying S.E.'s application for Supplemental Security Income ("SSI") under Title XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed an SSI application on behalf of S.E. on July 19, 2007.  (Tr. 46, 104-110).  In her application, Plaintiff alleged S.E. was disabled due to asthma and attention deficit hyperactivity disorder ("ADHD").  (Tr. 125, 152).  Plaintiff alleged S.E.'s onset date was September 25, 2000,

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

S.E.'s birthdate. (Tr. 104, 125). This application was denied initially and again upon reconsideration. (Tr. 41-42).

Thereafter, Plaintiff requested an administrative hearing on S.E.'s application, and this hearing request was granted. (Tr. 68-70). An administrative hearing was held on February 20, 2009 in Texarkana, Arkansas. (Tr. 8-40). Plaintiff and S.E. were present and were represented by counsel, Charles Barnett, at this hearing. *Id.* Plaintiff and Dr. Betty Feir, Ph.D. testified at this hearing. *Id.*

On April 8, 2009, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI on behalf of S.E. (Tr. 46-59). In this decision, the ALJ found S.E. was born on September 25, 2000, was a preschooler on the date the application was filed, and was a school-aged child on the date of his decision. (Tr. 49, Finding 1). The ALJ determined S.E. had not engaged in Substantial Gainful Activity ("SGA") at any time relevant to his decision. (Tr. 49, Finding 2). The ALJ determined S.E. had the following severe impairments: ADHD and asthma. (Tr. 49, Finding 3). The ALJ also determined none of S.E.'s impairments met or were functionally equivalent to the Listing of Impairments in 20 CFR Part 404, Subpart p, Appendix 1 ("Listings"). (Tr. 49, Finding 4).

In assessing whether S.E.'s impairments were functionally equivalent to a listing, the ALJ assessed the six domains of functioning. (Tr. 58, Finding 6). Specifically, the ALJ determined S.E. had the following limitations in the six domains of functioning: (1) less than marked limitation in acquiring and using information; (2) less than marked limitation in attending and completing tasks; (3) no limitation in interacting and relating with others; (4) no limitation in moving about and manipulating objects; (5) no limitation in the ability to care for herself; and (6) no limitation in health and physical well-being. (Tr. 52-58). Based upon these findings, the ALJ determined S.E. had not been disabled, as defined by the Act, since July 19, 2007, the date S.E.'s application was filed. *Id.*

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 4-7). *See* 20 C.F.R. § 404.968. On October 16, 2009, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On November 10, 2009, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on November 16, 2009. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 8, 10. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

In this case, Plaintiff is seeking disability benefits on behalf of a minor child. On August 22, 1996, Congress enacted the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Public Law No. 104-193, 110 Stat. 2105 (1996) (codified at 42 U.S.C. § 1382c(a)(3)(C)), which provided a more stringent standard for determining eligibility for Title XVI childhood disability benefits than the old law and prior regulations required. *See Rucker v. Apfel*, 141 F.3d 1256, 1259 (8th

3

Cir. 1998); 142 Cong. Rec. H8913; H.R. Conf. Rep. No. 725, 104th Cong. 2d Sess. 328 (1996), reprinted in 1996 U.S. Code, Cong. and Ad. News 2649, 2716; Federal Register, Vol. 62, No. 28, p. 6409. Among other things, the new law amended Section 1614(a)(3) of the Act, 42 U.S.C. § 1382c(a)(3), and changed the statutory definition of disability for individuals under age eighteen (18) under the SSI program. Under the new standard, a child is entitled to disability benefits only if he or she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. *See* Pub. L. No. 104-193 § 211(a)(4)(c); 20 C.F.R. § 416.906. The new standard applies to all applicants who filed claims on or after August 22, 1996, or whose claims had not been finally adjudicated by August 22, 1996. Since Plaintiff filed her application in 2007, the new law applies.

Under the new law, the ALJ's disability determination is based upon a three-step analysis. *See* 20 C.F.R. § 416.924. First, the ALJ must determine whether the minor child has engaged in substantial gainful activity. If not, the ALJ will proceed to the second step where the ALJ must consider whether the child has a severe impairment. If a severe impairment is found, the ALJ will proceed to the third step. At this step, the ALJ, must consider whether the impairment meets, or is medically or functionally equivalent, to a disability listing in the Listing of Impairments ("Listings"), *See* 20 C.F.R. pt. 404, subpt. P, app. 1. A minor child may be disabled if his or her impairment is functionally equivalent to a disability listing, even if the minor child's impairment does not meet the standard requirements for a disability listing. *See* 20 C.F.R. § 416.924(d)(1).

A single method is provided for evaluating whether an impairment is "functionally equivalent" to a disability listing, based upon six domains of functioning. The six domains are the following: (1)

4

acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself or herself, and (6) health and physical well-being.  *See* 20 C.F.R. § 416.926a(b)(1).  If the minor child claiming benefits has "marked" limitations in two of these domains or an "extreme" limitation in one of these domains, then the child's impairment is functionally equivalent to a disability listing.  *See id.* § 416.926a(a); *Moore ex rel. Moore v. Barnhart,* 413 F.3d 718, 721 (8th Cir. 2005).

A "marked" limitation is a limitation that is "more than moderate" and "less than extreme."  *See id.* § 416.926a(e); *Lehnartz v. Barnhart,* No. 04-3818, 2005 WL 1767944, at *3 (8th Cir. July 27, 2005).  A marked limitation is one that seriously interferes with a child's ability to independently initiate, sustain, or complete activities.  *See* 20 C.F.R. § 416.926a(e)*.*  An "extreme" limitation is more than "marked" and exists when a child's impairment(s) interferes very seriously with his or her ability to independently initiate, sustain or complete activities.  *See id.*  "Extreme" limitation is the rating the Commissioner gives to the most serious limitations.  *See id.*

**3. Discussion:**

In her appeal brief, Plaintiff alleges the following: (A) the ALJ erred by finding S.E. did not have marked or extreme limitations in attending and completing tasks and health and physical well-being; and (B) the ALJ erred by finding S.E. was not disabled from July 19, 2007, the date her application was filed.  ECF No. 8.  Because Plaintiff's briefing on these arguments is essentially the same, this Court will address both of these issues at one time.

In her briefing, Plaintiff argues that S.E. suffers from severe ADHD and asthma which cause her to suffer marked or extreme limitations in two domains of functioning: attending and completing tasks and health and physical well-being.  ECF No. 8.  Plaintiff claims these marked and extreme

limitations cause S.E.'s impairments to be functionally equivalent to the listings. *Id.* As noted above, in order for a child claimant's impairments to be functionally equivalent to a listing, he or she must demonstrate "marked" limitations in two of these domains or an "extreme" limitation in one of these domains. *See id.* § 416.926a(a); *Moore ex rel. Moore v. Barnhart,* 413 F.3d 718, 721 (8th Cir. 2005). Accordingly, this Court will address both of the domains Plaintiff has addressed in her briefing to determine whether S.E. has such a limitation.

**(A)     Attending and Completing Tasks**

Plaintiff claims S.E. has an extreme or marked limitation in attending and completing tasks. ECF No. 8. In support of this claim, Plaintiff references S.E.'s medical records from DaySpring of Arkansas wherein S.E. was prescribed Concerta and assessed as having a low GAF score. These records are dated from August and September of 2007. (Tr. 228-230). Plaintiff references a report dated November 20, 2008 wherein S.E. was diagnosed with ADHD, disruptive disorder, and educational problems. (Tr. 286-287). Plaintiff references a record dated November 14, 2008 wherein S.E. was again assessed as having a low GAF score and also references S.E.'s school records from wherein she was found to exhibit disruptive behavior. (Tr. 306, 381-384).

After reviewing S.E.'s medical records, this Court notes that S.E. does suffer from ADHD and has been diagnosed with ADHD. A medical diagnosis, however, is not *per se* disabling. *See Trenary v. Bowen,* 898 F.2d 1361, 1365 (8th Cir. 1990) (holding that the ALJ properly considered the evidence regarding the functional limitations imposed by plaintiff's impairments, not the diagnoses). Instead, the limitations that result from that diagnosed impairment must be evaluated in order to determine whether S.E. is disabled. In the present action, S.E.'s records indicate that while she has been diagnosed with ADHD, this condition is controlled when she takes her medication. As such, her

limitations from her ADHD should not be considered disabling. *See Wildman v. Astrue,* 596 F.3d 959, 965 (8th Cir. 2008) (noting when an impairment responds to treatment, that condition is not disabling).

  Specifically, her records dated from April 2007 until December 2008 show that S.E. received medication treatment for ADHD with DaySpring. (Tr. 228-259, 304-378). These records indicate that when she consistently took her medication (Concerta), her ADHD symptoms were controlled. *Id.* Her records and Plaintiff's testimony at the hearing also demonstrate, however, that S.E. did not always consistently take her medication. Notably, Plaintiff testified that Medicaid helps pay for the ADHD medication, S.E. does not mind taking the medication, but S.E. does not always take her medication because Plaintiff sometimes forgets to give her that medication. (Tr. 30-31, 34). Plaintiff testified that she notices differences in S.E.'s behavior when she is off her medication. (Tr. 30). Plaintiff also testified that S.E.'s teachers notice when S.E. is off her medication. (Tr. 31). Indeed, Plaintiff's briefing references a hand-written note from one of S.E.'s teachers wherein the teacher stated that "the time period . . . off the medication was a bad time for her." (Tr. 384).

  Further, it appears all the medical records cited by Plaintiff in support of her claim S.E. is disabled due to her ADHD were from a time when S.E. was taken off her medication. For example, Plaintiff references a report dated from November 20, 2008 by Rafael F. Otero, Ph.D. wherein S.E. was diagnosed with ADHD, disruptive disorder, and educational problems. (Tr. 286-287). This report, however, also states S.E. had not been taking her ADHD medication: "Mother reported that she is not doing well in school. Mother has taken her off the medication. Mother wanted the teacher to assess them without the medication. The child's behavior has been more difficult to manage." *Id.* Thus, Dr. Otero's findings are not entitled to significant weight. Also, in S.E.'s treatment records which Plaintiff references in her briefing and which reflect a low GAF score, it is unclear whether S.E.

7

had taken her ADHD medication or not prior to being assessed. (Tr. 230, 306). In addition to that problem, there is no basis provided for assessing the low GAF score. *Id.* Instead, the report is merely done in check-box form. *Id.* Thus, based upon this review of the evidence, this Court finds the ALJ's decision that S.E. suffered from a less than marked limitation in this domain of functioning considering her ADHD is supported by substantial evidence in the record.

Plaintiff also suggests in her briefing that S.E. may suffer from a marked or extreme limitation in this domain of functioning because S.E. had "borderline" and "below average intelligent findings." ECF No. 8 at 4. Plaintiff's support for this claim that S.E. is disabled due to her intelligence scores is based upon the findings of Dr. Rafael F. Otero, Ph.D. wherein he found S.E.'s verbal IQ score fell in the borderline range, performance IQ score fell in the below average range, and full IQ score fell in the borderline range. (Tr. 286-287). As noted above, however, S.E. was not taking her medication when she was evaluated by Dr. Otero. (Tr. 286). Further, Dr. Otero noted that despite these borderline and below average range scores, she was "in the second grade and doing ok." *Id.* Indeed, apart from reported behavioral problems from school (Tr. 288), there is no indication she had any performance problems at school. S.E.'s teacher reported she was at grade level in math, reading, and writing. (Tr. 135, 155). Also, a report card for the 2007 school year showed S.E. was rated as excellent to satisfactory in all classes. (Tr. 143). Based upon these findings, this Court finds the ALJ's assessment that S.E. had a less than marked limitation in attending and completing tasks considering her IQ scores is supported by substantial evidence in the record.

**(B)     Health and Physical Well-Being**

Plaintiff claims S.E. has a marked or extreme limitation in her health and physical well-being. ECF No. 8. Plaintiff claims S.E.'s asthma causes this limitation in her health and physical well–being. *Id.* In support of her claim that S.E. suffers from such severe asthma, Plaintiff references one medical

8

record wherein S.E. was diagnosed with asthma with an onset date of September 14, 2007. (Tr. 262). This Court notes that while a physician did diagnose S.E. with asthma, he also states that her asthma is "mild." *Id.* Further, S.E.'s medical records show that she had a history of asthma that was successfully treated with medication. (Tr. 180-181, 205, 262-263, 273-274, 276, 283). Plaintiff also testified that S.E. has never been hospitalized due to asthma and did not miss much school due to asthma. (Tr. 39). Thus, this Court finds the ALJ's determination that S.E. had no limitation in her health and physical well-being considering her asthma is supported by substantial evidence in the record.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 11th day of January, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE